IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Criminal No. 3:14CR139–HEH |
| EDDIE BLANCHARD, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Eddie Blanchard, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 156). Blanchard contends that he is entitled to relief upon the following:[1]

Claim One     "Trial counsel was ineffective by failing to object during sentencing & familiarize himself with substantive change in law establishing petitioner's innocence." (*Id.* at 4.)

Claim Two     "Appellant counsel was ineffective for his failure to file a complete record on appeal to raise Petitioner's preserved sentencing objections by trial counsel." (*Id.* at 5.)

Claim Three     "Appellate counsel was ineffective for failing to raise Petitioner's sentencing being improperly enhanced based on the number of victims contrary to law." (*Id.* at 6.)

Claim Four     "Appellate counsel was constitutionally ineffective in failing to challenge the calculation of the District Court['s] imposition of such [a] dramatic[] sentence." (*Id.* at 8.)

---

[1] The Court employs the pagination assigned to Blanchard's submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Blanchard's submissions. The Court omits the emphasis in the quotations from Blanchard's submissions.

> Claim Five   "Appellate counsel's failure to raise preserved sentencing objections to obstruction of justice enhancement constituted ineffective assistance of counsel." (*Id.* at 27.)

For the reasons set forth below, Blanchard's claims will be dismissed.[2]

Blanchard also has requested a free copy of his sentencing transcript. Copies of documents are provided to indigent litigants at government expense only upon a showing of particularized need. Blanchard fails to make any showing of particularized need. Blanchard is not entitled to free copies "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Accordingly, Blanchard's Motion for Production of Sentencing Transcript (ECF No. 158) will be denied.

## I. PROCEDURAL HISTORY

A jury convicted Blanchard of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, wire fraud, in violation of 18 U.S.C. §§ 1343, 2, mail fraud, in violation of 18 U.S.C. §§ 1341, 2, aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 2, conspiracy to obstruct official proceedings, in violation of 18 U.S.C. § 1512(k), and obstruction of official proceedings, in violation of 18 U.S.C. § 1512(c)(2), 2. *United States v. Blanchard*, 652 F. App'x 194, 195 (4th Cir. 2016). The Court sentenced Blanchard to an aggregate term of 204 months of imprisonment. *Id.*

Blanchard appealed to the United States Court of Appeals for the Fourth Circuit.

---

[2] The Court has reviewed Blanchard's Affidavit (ECF No. 156-1) in conjunction with Blanchard's specified claims. The Court, however, is neither obliged nor inclined to conjure up any new legal claims from the facts stated therein.

2

*Id.* In his appeal, "Blanchard's counsel . . . filed [an *Anders*[3]] brief certifying there [were] no meritorious grounds for appeal but questioning whether the district court erred in admitting codefendant Junior Jean Merilia's out-of-court statements, describing the conspiracy and implicating Blanchard in the conspiracy, through the testimony of Merilia's former girlfriend." *Id.* The Fourth Circuit concluded "that the district court did not abuse its discretion in admitting Merilia's statements." *Id.*

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance." *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

## III. ANALYSIS

### A. Claim One

In Claim One, Blanchard notes that in order to convict him of aggravated identity theft the Government was required to prove that the Blanchard knew that the identification he unlawfully used, did in fact belong to another person. (§ 2255 Mot. 13.) Given this requirement, Blanchard contends that counsel should have objected that "Blanchard was 'actually innocent' of the offense of aggravated identity theft at the time of his sentencing . . . ." (*Id.* at 14.) The jury was instructed that in order find Blanchard guilty of the aggravated identify theft as charged in Count Seventeen through Nineteen of the Indictment, they must find beyond a reasonable doubt "that the defendant knew that the identification, in fact, belonged to another actual person, and not a fictitious person.". (ECF No. 147, at 35.) Given this explicit instruction and the ample evidence on this element, Blanchard fails to demonstrate that counsel performed deficiently or that Blanchard was prejudiced. Accordingly, Claim One will be dismissed.

### B. Alleged Deficiency of Appellate Counsel

In Claim Two, Blanchard faults appellate counsel for not challenging on the appeal: (1) the loss amount; (2) the enhancement for obstruction of justice; (3) the number of victims; and, (4) the application of Amendment 794 to the Sentencing Guidelines. (§ 2255 Mot. 15.) Relatedly, in Claim Three, Blanchard again faults appellate counsel for not challenging Blanchard's sentencing enhancement based on the number of victims. And, in Claim Four and Five respectively, Blanchard again faults

4

appellate counsel for not challenging the loss amount and the enhancement for obstruction of justice.

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). As explained below, in no instance does Blanchard demonstrate that appellate counsel discarded a viable claim.[4]

1. **Obstruction of Justice**

Blanchard received a 2-level increase to his Offense Level under USSG § 3C1.1 (2014). That provision provides:

---

[4] The record refutes Blanchard's contention that appellate counsel failed to order and review the sentencing transcript. (ECF Nos. 134, 136.)

5

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

USSG § 3C1.1. Blanchard contends that appellate counsel should have challenged the 2-level increase because the record does not show "Blanchard affected the government's case or perjured himself." (§ 2255 Mot. 18.) In order to warrant this enhancement, the Government was not required to demonstrate that Blanchard perjured himself or actually frustrated the Government case. The record clearly reflects that Blanchard urged his coconspirator to provide false testimony to investigating authorities and not reveal Blanchard's role in the conspiracy. As the enhancement for obstruction was clearly appropriate, appellate counsel reasonably refrained from pursuing the issue.

### 2. Amendment 794

Blanchard was sentenced on August 11, 2015. Blanchard contends that appellate counsel should have argued that Blanchard should receive the benefit of Amendment 794 to the Sentencing Guideline which became effective on November 1, 2015. The United States Sentencing Commission did not make Amendment 794 retroactive to all cases. *See* USSG § 1B1.10(d) (2015) (listing retroactive guideline amendments). Accordingly, appellate counsel reasonably refrained from argument that Blanchard should receive the benefit of that amendment.

6

### 3. Loss Amount and Number of Victims

Blanchard complains that because he chose to exercise his right to trial, he was held accountable for an additional number of victims and a higher loss amount than were his coconspirators who pled guilty. As explained below, this is simply not true. The additional number of victims and increased loss amount were attributable to the fact that following the sentencing of some of Blanchard's coconspirators, the Government provided additional information indicating that the amount of intended loss and number of victims were much higher than the Government previously had asserted.

Blanchard and his coconspirators obtained personal identifying information of other persons through various means, including internet postings for fictitious employment positions. These fictious postings required applicants to submit information such as their date of birth and social security number. Blanchard and his coconspirators then used the stolen names and identifying information to file fraudulent tax returns. The authorities eventually recovered from one of the coconspirators boxes containing hundreds of index cards bearing the names, dates of birth, and social security numbers from individuals around the United States. The Presentence Report explained the number of victims and the amount of loss were calculated based on the following information:

> 17. The boxes recovered from the storage unit contained index cards bearing 747 names of individuals from around the United States, often accompanied by personal identifying information. Many of the index cards were also accompanied by pre-paid debit cards also bearing some of the 747 names. These debit cards were issued in connection with tax refunds. Further investigation into this offense has revealed 89 additional names of individuals, whose personal identifiers were also obtained. Losses or intended losses associated with the 836 names is reasonably foreseeable to

Blanchard, as it was reasonably foreseeable that each of the names would be used to file a fraudulent tax return if the scheme proceeded according to plan.

18. Pursuant to USSG §2B1.1, Application Note 3, the loss is the greater of the actual loss or intended loss. Actual loss to the Internal Revenue Service (IRS) is $628,513.07; however, intended loss in this case is greater. Given that the amounts sought in the fraudulently filed returns varied, an average sought refund amount is reasonably foreseeable to Blanchard and the coconspirators. Pursuant to USSG §2B1.1(b)(2)(C), this case also involved in excess of 250 victims.

19. Of the 320 returns filed from four hotels, Extended Stay, Suburban Extended Stay, Econo Lodge/Rodeway Inn, and Econo Lodge, in Richmond, Virginia (additional returns associated with this case were filed from other locations) the average amount per return has been determined to be $4,565.08. There have also been 836 names of individuals recovered, and personal identifiers associated with these names. Therefore, Blanchard is being held accountable for an intended loss of $3,816,406.88 (836 names X 4,565.08 =$3,816,406.88).

20. It is noted that the codefendants in this case were held accountable for an intended loss of $2,241,000 (747 names X $3,000.00 per return = $2,241,000 intended loss); the Government has provided additional information indicating that the amount per return and number of victims has since been determined to be much higher, as indicated above.

(PSR ¶¶ 17–20). Thereafter, at the sentencing, the Government presented evidence that supported its position that the number of victims was 836 and the average amount per return was 4,565.08. (Aug. 8, 2015 Tr. 15–31, ECF No. 136.) Given the foregoing, appellate counsel reasonably eschewed raising a challenge to the number of victims and the amount of loss.

As Blanchard has failed to demonstrate deficiency or prejudice in any instance, Claims Two through Five will be dismissed.

## IV. CONCLUSION

Blanchard's Motion for Production of Sentencing Transcript (ECF No. 158) will be denied. Blanchard's claims will be dismissed. Blanchard's 28 U.S.C. § 2255 Motion (ECF No. 156) will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Blanchard has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Oct. 30, 2019
Richmond, Virginia